UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-079 |
| | ) | |
| MICHAEL CARROLL | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's motion for sentence reduction. [Doc. 408]. Through counsel, the defendant asks the court to reduce his sentence by 18 months pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded in partial opposition to the motion [doc. 411], ultimately deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's motion will be granted in part.

**I.  Authority**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of

2

Case 3:09-cr-00079-RLJ-CCS   Document 412   Filed 01/22/16   Page 2 of 5   PageID #: 1058

imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1]  In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.     Factual Background

By judgment dated January 12, 2010, this court sentenced the defendant to concurrent 110-month terms of imprisonment as to Counts One and Two (methcathinone conspiracies), Count Four (aiding and abetting the possession of methcathinone precursors), and Count Five (aiding the abetting the possession of a firearm by a felon). The defendant's guideline range was 110 to 137 months, based on a total offense level of 25 and a criminal history category of VI. According to the Bureau of Prisons, the defendant is presently scheduled for release on March 28, 2018.

## III.    Analysis

Applying Amendment 782, the defendant's new guideline range is 92 to 115 months, based on a total offense level of 23 and a criminal history category of VI. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to the present defendant.

3

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

It appears that the defendant has put forth some rehabilitative effort while incarcerated. He has participated in more than 470 hours of coursework in pursuit of a GED. He has received 20 hours of training in electrical work and has completed two drug education programs.

Conversely, the defendant has also committed at least *six* disciplinary infractions while incarcerated. In 2010, the defendant was disciplined for fighting. On separate occasions in 2011, he was disciplined for possession of a razor blade and for threatening bodily harm to his cellmate. In 2012, the defendant had "a large bag of intoxicant" in his locker. That infraction is troubling not only because the defendant is incarcerated for drug crimes but also because it occurred after he had completed one of his two drug education programs. Most recently (only last week), the defendant was again sanctioned for fighting with another inmate on December 6, 2015.

Having weighed all the above-cited considerations, the court finds that the defendant should only be granted a partial sentence reduction of five months, which is primarily a reward for his efforts toward obtaining his GED. The requested 18-month reduction is not appropriate due to the defendant's post-sentencing disciplinary

4

infractions, which demonstrate both the need for further deterrence and the ongoing need to protect the public from this defendant.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 408] is **GRANTED**, but only in part. The defendant's term of imprisonment is reduced to 105 months as to each of Counts One, Two, Four, and Five. These terms shall be served concurrently for a reduced net sentence of **105 months**.

Except as provided above, all provisions of the judgment dated January 12, 2010, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge